**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SEMIRA BEYEN YOUSUF ADEM;
SAMIYA BEYEN YOUSUF ADEM,
*Petitioners,*

v.

JOHN ASHCROFT, Attorney General,
*Respondent.*

No. 03-1591

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A77-248-212, A77-246-508)

Submitted: November 17, 2003

Decided: December 4, 2003

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**COUNSEL**

William Payne, BLAIR & LEE, P.C., College Park, Maryland, for
Petitioners. Peter D. Keisler, Assistant Attorney General, Michael P.
Lindemann, Assistant Director, Lisa M. Arnold, Senior Litigation
Counsel, Office of Immigration Litigation, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Sisters Semira Beyen Yousuf Adem and Samiya Beyen Yousuf Adem, natives and citizens of Eritrea, petition this court for review of an order of the Board of Immigration Appeals (Board) affirming a decision of the immigration judge (IJ) that finds them removable as charged and denies their applications for asylum and withholding of removal. The Adems challenge the IJ's ruling that they failed to demonstrate either of them suffered past persecution or possessed a well-founded fear of future persecution on account of a protected ground. The record supports the IJ's conclusion. *See* 8 C.F.R. § 1208.13(a) (2003) (stating that the burden of proof is on the alien to establish eligibility for asylum). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite'" elements. *Rusu v. INS*, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992)). We have reviewed the record, the Board's decision, and the opinion of the IJ, and find that substantial evidence supports the ruling that the Adems failed to establish refugee status.

We conclude as well that the Adems are not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000) or the U.N. Convention Against Torture. Based on our review of the record and of the IJ's decision denying relief, we hold that the IJ did not err in finding that they failed to show a "clear probability of persecution." *See Rusu v. INS*, 296 F.3d 316, 324 n.13 (4th Cir. 2002) ("To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion.") Nor did the Adems establish that it is "more likely than not" that they would face torture if they returned to Eritrea. 8 C.F.R. § 1208.16(c)(2) (2003) (to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*